IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARCH BAY HOLDINGS, LLC - SERIES 2009C, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 13-0009-WS-M |
| STEPHEN I. COMBS, *et al.*, ) ) | |
| Defendants. ) | |

# ORDER

This matter comes before the Court *sua sponte* on preliminary screening of the Complaint for Declaratory Judgment (doc. 1) filed by plaintiff, Arch Bay Holdings, LLC – Series 2009C.

In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] In the Complaint, Arch Bay predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. (Plaintiff also incorrectly cites §§ 1441 and 1446, which do not apply outside of the removal context.) "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). The Complaint leaves substantial unanswered questions as to the complete diversity requirement.

---

[1]  *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

With respect to Arch Bay's citizenship, the Complaint alleges only that it "is a foreign corporation that is qualified to do business in Alabama and lawfully conducts business in Baldwin County, Alabama." (Doc. 1, ¶ 2.) This allegation provides inadequate information to ascertain Arch Bay's state(s) of citizenship for diversity purposes. The face of the Complaint confirms that Arch Bay is a limited liability company. Under Eleventh Circuit precedent, for diversity of citizenship purposes, an unincorporated association (whether LLP or LLC) such as Arch Bay is a citizen of any state of which any member of the entity is a citizen. *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022. The Complaint is silent as to the citizenship of Arch Bay's member(s), and is therefore inadequate to demonstrate diversity jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction).

The pleading problems in the Complaint concerning diversity do not end there. The Complaint names as defendants Stephen I. Combs and Alisa F. Piccirillo Combs, and alleges that they presently reside in Wiesbaden, Germany, where Mr. Combs is stationed as an active-duty service member. (Doc. 1, ¶¶ 3-4.) These allegations tell us nothing about the Combs' citizenship. They may presently reside in Germany because of Mr. Combs' military assignment; however, citizenship is properly equated to domicile, not residence, for § 1332 purposes. *See, e.g., Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). The mere fact that the U.S. military may have sent Mr. Combs and his family to Germany for a temporary work assignment does render the Combs

citizens of Germany for diversity purposes.  *See, e.g., King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) ("The notion that a citizen of a state does not lose her domicile when her employer sends her abroad is as old as the presumption that a plaintiff's foreign residence is her domicile.").

Of course, it is Arch Bay's burden (as the party invoking federal jurisdiction) to demonstrate the citizenship of all parties, and thus the existence of diversity of citizenship.  *See Molinos*, 633 F.3d at 1340 ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence."); *King*, 505 F.3d at 1171 ("Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity.") (citation omitted).  In its current state, the Complaint falls well short of satisfying this threshold burden.

In light of the foregoing, plaintiff is **ordered** to **show cause**, on or before **January 28, 2013**, why this action should not be dismissed for lack of subject-matter jurisdiction.[2]

DONE and ORDERED this 14th day of January, 2013.

                                                  s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] One other point of clarification bears noting at this time.  In the Complaint's *ad damnum* clause, Arch Bay asks that "this Court order a court-appointed attorney to represent Mr. and Mrs. Combs … and instruct the attorney to attempt to locate Mr. and Mrs. Combs within 30 days of the Court's order." (Doc. 1, at 9.)  To be clear, the Court does not read the cited sections of the Servicemembers Civil Relief Act as relieving plaintiff of its burden to serve process on defendants in accordance with the Federal Rules of Civil Procedure; moreover, the cited section applies on its face only to a civil action "in which the defendant does not make an appearance." 50 App. U.S.C. § 521(a).  That has not happened yet, and may not happen at all here.  The Court will not presume to predict whether defendants will or will not appear herein, or whether this section will have any application to this litigation.