IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARCH BAY HOLDINGS, LLC - SERIES 2009C, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 13-0009-WS-M |
| STEPHEN I. COMBS, *et al.*, ) ) ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Motion to Substitute Party Plaintiff and Change Case Style (doc. 23).  As grounds for the Motion, movant states that Domus Holdings, LLC (a Louisiana limited liability company whose sole member, David F. Caballero, is a Florida citizen) acquired the subject mortgage on or about June 7, 2013 pursuant to an assignment executed by plaintiff, Arch Bay Holdings, LLC – Series 2009C, and recorded in the Baldwin County Probate Office.  As a result of this assignment, Domus maintains, it is now the real party in interest and the proper plaintiff.  On that basis, Domus requests that it be substituted as the named party plaintiff in this action henceforth.[1]

Although movant does not identify any authority on which its Motion to Substitute is predicated, the applicable rule specifies that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Rule 25(c), Fed.R.Civ.P.; *see generally Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998) (recognizing that Rule 25(c) "allows substitution of parties when a transfer in interest has

---

[1] By all appearances, such transfer will not involve any change in plaintiff's counsel.  The same firm that has represented Arch Bay since the inception of this litigation filed the Motion to Substitute, purporting to act on behalf of Domus.  In light of this continuity of representation, it is reasonable to infer that Arch Bay has no objection to the proposed substitution, even though the Motion is silent on that point.

occurred … during the pendency of litigation"). "The decision whether to allow substitution is discretionary." *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984).

Under the circumstances presented here, the Court exercises its discretion in favor of allowing the substitution under Rule 25(c). Movant has filed a copy of the Assignment of Mortgage reflecting that Arch Bay assigned without recourse its entire interest in the Combs' mortgage to Domus, and that such Assignment was duly recorded on June 7, 2013. (Doc. 23, Exh. A.) By all appearances, Domus is now the real party in interest, so the interests of clarity and judicial economy favor allowing the substitution, particularly where such substitution will not upset federal diversity jurisdiction under 28 U.S.C. § 1332. Moreover, the Court perceives no discernable risk of prejudice accruing to defendants by virtue of the proposed substitution.

For all of the foregoing reasons, the Motion to Substitute Party Plaintiff and Change Case Style (doc. 23) is **granted** pursuant to Rule 25(c), Fed.R.Civ.P. The Clerk of Court is directed to **substitute** Domus Holdings, LLC as the sole named party plaintiff herein, and to **terminate** Arch Bay Holdings, LLC – Series 2009C as a party plaintiff. All future filings in this matter by any litigant should reflect that the proper style of the case is *Domus Holdings, LLC v. Stephen I. Combs and Alisa F. Piccirillo Combs*.

The Clerk of Court is directed to mail a copy of this Order to defendants at the address where they were recently served with process, to-wit: 920 Cannock Street, Grovetown, GA 30813.

DONE and ORDERED this 19th day of June, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE